Turner and Sharp *v.* Morris et ux.

---

## Turner and Sharp *v.* Nathan Morris et ux.

M. and wife filed their bill on the chancery side of the circuit court, setting forth that the wife of M. was the widow of one K. who died in the year 1838, intestate, seized and possessed of a certain town lot in which she was entitled to dower; that a petition was filed in the probate court of the county of L., in 1848, for the allotment of her dower, and commissioners appointed for that purpose, who set off her dower in the premises by metes and bounds, allotting to her one third thereof, but that possession could not be delivered to her by the sheriff, because said premises were indivisible, and because the defendants were in possession of the buildings on said lot, and refused to deliver possession of them; and that the defendants have been in possession and enjoyment of the premises, or receiving the rents and profits since the death of K., and refuse to account for the portion due the widow; and the bill further claims an account and decree for the portion of the rents and profits due the widow for her share of the lot: — *Held*, that a sufficient case was made out by the bill to authorize a court of equity to render a decree in favor of the widow for the rents and profits of her share of the lot.

A court of equity will not interpose in ordinary cases of mesne profits where a clear and adequate remedy exists at law, and unless some special circumstances are shown to justify the jurisdiction: — *Held*, that the claim for an account before the legal right is fixed, as in this case, is of an equitable nature, and is held to be sufficient ground for the assistance of a court of

Turner and Sharp *v.* Morris et ux.

equity where the entire controversy may be settled to prevent a multiplicity of suits.

The petition having been filed in the name of the widow alone, she being married at the time, does not render the proceeding void; but if urged at a proper time and manner, might have defeated the proceeding.

The case having been referred to as "L. M." against the defendants, when it should have been "N. M. and L. his wife," against defendants, can work no prejudice to either party.

IN error from the circuit court of Lawrence county; Hon. Wiley P. Harris, judge.

This was a bill filed on the equity side of the circuit court of Lawrence county, by the appellees, to recover of the appellants mesne profits and rents subsequent to the laying off dower to the wife of appellee, (M.) who was the widow of K., deceased, and claimed dower in the real estate of deceased.

The opinion of the court contains a full statement of the facts of the case. The court below rendered a decree in favor of M. and wife, and the defendant below prayed a writ of error to this court.

*Adams* and *Dixon* for appellants.

This court is bound to presume that when in July, 1848, the dower was allotted by metes and bounds, that the applicant was put into possession of the dowry by the sheriff who had the writ for that purpose, and if this be true, then the decree is erroneous for all that is allowed by the decree for rents after that allotment.

The demand either of mesne profits or of rents after allotment of dower, is purely a legal demand, for which the complainants had ample remedies at law, and a court of equity will not relieve the party who has an unembarrassed remedy at law. *Blewitt* v. *Vaughn,* 5 How. 418; *Martin, P .& Co.* v. *Glascock,* 1 S. & M. 17; *Freeman* v. *Finnall,* Ib. 623.

Besides, the demand for mesne profits of the estate from the death of the husband to the time of dower allotted, could not be maintained by the widow even at law against a tenant from year to year, 10 Yerg. 472; and the bill nowhere shows that the

plaintiffs in error are not such tenants, but in fact shows that some of them are such. Nor will equity, after assignment of dower on petition at law, entertain a bill for mesne profits during the detention of the dower, unless some equitable circumstance exist, such as loss or destruction of deeds, or discovery be necessary. 1 Murph. 128.

Damages for the detention of dower must be prayed for when dower is assigned, and if not given, they cannot be afterwards recovered. 1 Murph. 128. And further, if dower be assigned upon petition, the suit is at an end. 4 Dev. & Bat. 501.

The petition in this case merely asked for an assignment of dower; this was done, and thus the suit for dower and every thing in connection with it, was at an end, and if beyond this, the widow deemed herself entitled to any thing, it was to be obtained by a new suit; the rents, prior to the assignment of dower, belong to the heir, but he is answerable to the widow for them as damages for not assigning dower, and her remedy, of course, must be at law. 2 Murph. 79.

But surely she cannot, upon a demand of this kind, purely legal and sounding in damages, without showing such "equitable circumstances" as are alluded to in the case from 1 Murph. above cited, ask a court of equity to grant relief; she is entitled to receive her one third part of the rents, but she has mistaken her remedy, and brought parties into her bill that are not liable to her in any event, and certainly she cannot recover the rents after assignment of dower, when she has not nor cannot show that the dower so assigned has been withheld from her. The allegation that the estate is indivisible is negatived by the report of the committee to assign dower, who reported the division by metes and bounds, and it was in her power to force her possession under it if desired. Rop. on L. 137; Palm. 265; Keb. 743.

Another objection to the validity of the assignment of dower is, that the record does not show that there was any sufficient evidence to authorize the decree; there was no proof of the marriage of Lavisa Morris with Michael King, in whose lands dower is claimed; no proof of seizin in him; no proof his death, and no

proof of the fact that dower had not been all relinquished by said Lavisa ; her assertions will not do, she was bound to prove it before the court. *James* v. *Rowan,* 6 S. & M. 393 ; *Ware* v. *Washington,* 6 Ib. 737.

*B. C. Buckley* for appellees.

1st. The only question for the consideration of this court is, whether a defendant in the court below, after suffering a judgment by default to be taken against him, can then come into court, and by a motion merely, set aside all the proceedings previously had in the cause. 2 How. 736.

2d. The appellees were regularly served with notice, as it appears from the records, but made no defence, and thereby admitted the cause of action. They should have made their defence when summoned by the court, and having failed to do so, they cannot now gainsay the judgment. 2 How. 727, 902.

3d. The only mode of setting aside a judgment by default, is on motion and affidavit of merits and payment of costs. 2 How. 736. But there was no affidavit in this cause, nor payment of costs, and even in that event the court would not set aside the default, because their opportunity for trial was lost. 2 Johns. Dig. 271.

4th. All defects in the pleadings, whether in form or substance, should have been a ground and are cured by judgment. 5 How. 484 ; 2 Ib. 930 ; 3 Leigh, 196.

Mr. Justice HANDY delivered the opinion of the court.

The appellees filed their bill on the chancery side of the circuit court of Lawrence county, stating in substance, that the complainant, Lavisa, was the widow of one King, who died in the year 1838, intestate, seized and possessed of a certain described town lot in the town of Monticello, in which she was entitled to dower ; that a petition was filed in the probate court of Lawrence county at March term, 1848, for the allotment of her dower, and commissioners appointed for that purpose, who set off her dower in the premises by metes and bounds, allotting to her one third thereof, comprehending houses, offices, and other improvements, but that possession could not be delivered to her

by the sheriff, because said premises were indivisible, and because the defendants were in possession of the buildings, and refused to deliver possession of them; that the defendants have been in possession and enjoyment of the premises, or receiving the rents and profits, since the death of King, and refuse to account for the portion due the widow. The bill claims an account and decree for the portion of the rents and profits due her for the period before, as well as since, the assignment of her dower.

On failure of the defendants to appear and make defence to the bill, it was taken as confessed, and the case referred to a commissioner to take an account of the amount due the widow; which account was taken upon notice and returned, and confirmed at April term, 1849. At April term, 1850, the defendants made a motion to set aside the report and proceedings of the commissioner, and all orders taken thereupon, because no decree of reference to a commissioner had been made, and because no account was taken as to the property in the possession of the defendant Turner. This motion was overruled, and a decree rendered for the complainants, according to the report; and thereupon the case is brought here by writ of error.

The principal question presented here is, whether the case made by the bill is sufficient to entitle the complainants to come into a court of equity for a recovery of the rents and profits to which the widow was entitled on account of her dower.

It is undoubtedly true, that a court of equity should not interpose in ordinary cases of mesne profits, where a clear and adequate remedy exists at law, and unless some special circumstances are shown to justify the jurisdiction, among which are enumerated the want of discovery, some impediment at law, the existence of a constructive trust, or the necessity of interposing to prevent multiplicity of suits. 1 Story, Eq. Jurisp. § 512. But this bill claims an account not only of the rents and profits since the assignment of dower, which fixed the legal right, but also before the assignment, and when the legal right was not ascertained. This claim for an account before the legal right was fixed is of an equitable nature, and is held to be a sufficient ground for the assistance of a court of equity. 1

Story, Eq. Jur. § 626; and having obtained jurisdiction for that purpose, it was proper to exercise it in settling the entire controversy, and thereby prevent multiplicity of suits.

In addition to this, the jurisdiction in cases situated like this, seems to be justified upon general equitable principles of account, as applied to the nature of the account to be taken here. A court of common law, under the strict rules governing it, could have taken into view nothing but the value of the property, and rendered judgment for one third of it, without regard to any equitable circumstances, such as valuable improvements put upon it, increasing its yearly value, or any other purely equitable claim of the defendants, going to show that the complainants should not in conscience recover more than the use and possession of the premises, under the circumstances, were really worth. And here the property appears to have been in the possession of several defendants at different times, which would have rendered an account, adjusting the liabilities of the several parties, difficult and complicated at law, if, indeed, complete justice could have been done at all in such actions to the rights of the complainants, without prejudice to the rights of the several defendants. These considerations show that the remedy is more complete and adequate in cases of this nature in equity than at law, and justify the jurisdiction in the present case.

Again; it is urged in behalf of the plaintiffs in error, that the proceedings in the probate court for the assignment of dower were void, because the petition was filed in the name of the widow alone, she being then married to the complainant, Nathan Morris. This would not render that proceeding void. Had it been urged at a proper time, and in a proper manner, it might have defeated that proceeding. But it cannot be taken advantage of in a collateral proceeding, and it does not render the assignment absolutely void. If, however, the assignment of dower were void, this would be an additional ground to entitle the party to relief in equity, as the legal right would in such case be unascertained.

Again; it is said that the motion to set aside the commissioner's report, and account of rents and profits, should have

been sustained, because, in the order of reference to the commissioner, the case referred is stated to be "Levisa Morris" against the defendants, when it should have been Nathan Morris and Levisa his wife, complainants. This objection is entirely formal, and no prejudice could have arisen to the defendants by reason of it. The order of reference and the subsequent proceedings show that the matter referred was an account of the rents and profits due the complainant, Levisa Morris, for her dower interest in the lands of King. Of this the appellants had due notice before the account was taken. They appeared at the time it was taken, and afterwards had due notice to make objections to it, and failed to make objections. Under such circumstances they could have sustained no injury by the formal mistake of the complainants' name, and we think this was no valid objection to the report and proceedings under it.

The decree is affirmed.

A petition for a reargument was filed in this case by the counsel for appellees, but the court refused to grant it.